## STOLLER v BETTS

Ohio Common Pleas, Paulding Co

Decided April 9, 1936

Paul Spriggs, Paulding, and J. F. Cavanaugh, Paulding, for plaintiff.
Faust & Faust, Troy, for defendants.

## OPINION

By SNOOK, J.

Petition states in substance that plaintiff conducts a retail implement store at Paulding, Ohio, and in the conduct of such business he is the owner of certain fixtures, equipment and stock of implements.

That he is also engaged in farming and as a farmer is the owner of certain personal property used by him in such business.

That on July 19, 1930, the defendant, Joseph Siegel by consideration of the Common Pleas Court of Miami County, Ohio, recovered a judgment against the plaintiff for the sum of $949.68.

That on January 7, 1936, Siegel caused an execution to issue out of said court to the sheriff of Paulding County, Ohio. That such sheriff levied the execution on the personal property of the plaintiff and is about to sell plaintiff's personal property under this execution, and unless restrained by the court will sell such property to satisfy the execution.

Plaintiff further pleads that the judgment has been fully paid and asks that the defendants be restrained from selling

any of the property of the plaintiff. The case is brought to enjoin the sale of plaintiff's personal property on an execution issued to the sheriff of Paulding County, Ohio, on a judgment recovered in Miami County.

The defendant, Joseph Siegel, files a motion in which he disclaims any intention of entering his appearance and asks to be dismissed as a party defendant, on the ground that the court has no jurisdiction over his person.

The sheriff also files a motion asking to be dismissed as party defendant for the reason that he is not a proper party defendant.

The sheriff was served with summons by the coroner and defendant, Siegel was served with summons in Miami County, by the sheriff of that county on summons issued to him from Paulding County, Ohio.

The argument in support of the motion is based on the theory that the sheriff is neither a necessary nor proper party defendant and therefore inasmuch as Siegel is a resident of, and was served with summons in Miami County, the court in Paulding County has no jurisdiction over his person.

It will be observed in the first place that the plaintiff does not undertake to attack or impeach the validity of the judgment on which the execution is issued but asserts as his ground for injunction that the judgment is paid. In this regard it differs somewhat from all the cases cited by defendant in his brief in support of the motions.

The principal cases relied on are Howard v Levering, 8 C.C.R. 614; Olin v Hungerford, 16 Ohio 272; Allen v Medill, 14 Ohio 445; Allen v Miller, 11 Oh St 374; Drea v Carrington, 32 Oh St 595 and Taylor v Bewley, heard in the Common Pleas Court of Logan County and affirmed on error by our Court of Appeals.

I have read the record of the case last cited and the reports of the other cases quite carefully and note again that the facts on which these cases were decided are somewhat different from the facts set out in plaintiff's petition.

In all these cases in one way or another plaintiff was seeking to attack the validity of a judgment. In other words plaintiffs were attempting to make a collateral attack on the validity or effect of a judgment.

This is especially so in the Logan County case which of course was rightly decided for the case as stated in the petition clearly showed that plaintiff sought to open up a judgment and should have been brought under §11631, GC.

The remedy at law was clear, specific and adequate. In no sense can it be claimed that the attack is collateral where the ground for enjoining the enforcement of an execution as in this case, is payment, and there are at least two respectable authorities which hold that in such a case injunction will lie and that the sheriff is a proper party to such suit.

I refer to the following cases:

Betz v Betz, 23 C.C. (N.S.) 9. It is true that the question was not raised in this case as to whether the sheriff was a proper party, but the sheriff was a party defendant and restrained by the court from making sale under the execution. In the case of Dahms v Swinburne, 31 Oh Ap 517, where the ground for injunction was fraud the question is discussed and the court says:

"It is claimed that there was a misjoinder of the defendants, in that there is no such person as the bailiff of the Municipal Court. As far as this proceeding is concerned, the pleadings must be taken as they stand, and, at all events, the amended petition alleges that an execution was in the hands of an officer of the Municipal Court, who was about to enforce the same. The officer, therefore, whoever he may be, is a proper and necessary party, and the amended petition is not demurrable or subject to a motion to strike by reason of misjoinder of parties defendant."

Of course, it can not be claimed that these cases settle the question involved, but it must be conceded that these courts, at least the court in the case last cited were of the opinion that the officer attempting to make the levy and sale as well as the judgment debtor is a proper party to a suit to enjoin on the ground that the judgment has been paid, or obtained through fraud. But aside from these cases let us examine the case of Howard v Levering closely and see if the rule there laid down applies to the case under consideration.

The conclusion reached in that case is based wholly on the interpretation of Revised Statutes—§5015—now §11264, GC.

This statute at the time of the rendition of the decision in the Howard case read as follows:

Sec 5015 Revised Statutes. "When officer holding execution may be joined in the action. An officer holding an execution

may be joined in an action to restrain the collection of the same in the county in which he resides, with the person for whose benefit the writ issued, when such person is a non-resident of the state, or has left the same to avoid the service of a summons or order of injunction, or so conceals himself that process can not be served upon him; and service may be made against such person by publication, as in other cases."

In the Howard case the Circuit Court construed this statute as it then stood, October 1894, and held that in a suit to enjoin the collection of a judgment the sheriff holding the execution is not a necessary or proper party except as provided in revised statutes, §5015. This decision is based on **Olin v Hungerford, 10 Ohio 268 and Allen v Medill, 14 Ohio 445.**

The Circuit Court further held that cases brought to enjoin the collection of a judgment in which the sheriff holding the execution may be made a party defendant, are limited to those wherein the person for whose benefit the writ issued is a non-resident of the state or has left the same to avoid the service of summons or order of injunction or so conceal himself that process can not be served upon him.

That is they hold that the rule laid down (as they conceive it) in the cases reported in the 10 and 14 Ohio is altered only in cases where the person for whose benefit the execution is issued, falls within one of the classes just mentioned.

Probably this is the correct interpretation of this statute as it then stood but it is clear that in certain cases an action can properly be brought to enjoin the collection of a judgment and that payment is good ground for such an action.

And it seems to me it can be argued with a good deal of force that this statute was intended to apply to all such cases. And that the latter clauses were added to provide a method of service on parties who could not be found and personally served.

But be that as it may in the absence of any change in the statute, I feel bound by these decisions.

However, that brings us to the interesting and vital question involved in this case. The statute was passed by the legislature in 1859. The two early cases reported in the 10 and 14 Ohio were decided in 1840 and 1846 respectively. The decision in the Howard case was rendered in October 1894, §5015 remained unchanged until the codification in 1910.

By this codification §5015 of the Revised Statutes was changed to §11264, GC and reads now as follows:

**Sec 11264 GC. When officer made a party.** "In the county wherein he resides, an officer holding an execution may be joined with the person for whose benefit the writ issued, in an action to restrain its collection. When such person is not a' resident of this state, or has left it to avoid the service of a summons or order of injunction, or so conceals himself that process cannot be served on him; service may be made against such person by publication as in other cases. (R. S. §5015)."

It will be observed that in the statute as it stood at the time of the decision in the Howard case the word "**collection**" is followed by a comma, and that since the codification the word collection is followed by a period. Now the following words form an independent sentence.

"In the county wherein he resides, an officer holding an execution may be joined with the person for whose benefit the writ issued, in an action to restrain its collection."

and the word "**and**" at the commencement of the last line of the section is omitted.

It would also seem plausible that the codifying commission made this change for the very purpose of changing the rule announced in the Howard case, for the reason that at the foot of this section in the revised statutes is a note in which reference is made to this decision.

I have given the subject most careful thought, and it occurs to me that whatever one may think about the former decisions, that the terms of this statute as it now appears plainly confer the right to make the sheriff a party defendant in the case under consideration. I do not see how the statute as it now stands can be given any other interpretation.

I shall not discuss the effect of a change by the codification commission but content myself with calling attention to the following cases: **State v Toney, 81 Oh St 139; State v Williams, 104 Oh St 232; Morgan v Martin, 109 Oh St 56.**

My attention is particularly called to the case of Taylor v Bewley decided by the Common Pleas Court of Logan County and our own Court of Appeals. A very casual reading of the record in this case as I have heretofore stated shows that the decision was correct. The petition did not state a cause of action.

The plaintiff sought to make a collateral attack on a valid judgment. It was nothing more than an attempt to open up a judgment and was brought in a county other than that in which the judgment was rendered. The statute §11631 GC provides the manner in which such an action must be brought.

Whatever reason the court may have given for its decision the decision was correct.

The case we are now considering is clearly distinguishable from the Taylor case. Moreover the court's attention does not seem to have been called to the change in the statute.

I am placing my conclusion on the wording of §11264 GC as it now reads. In conclusion let me say it is clear that courts have jurisdiction in equity to enjoin the enforcement of judgments that have been paid. See Ohio Jurisprudence, Volume 21, §148, Harper v Seely, Wright 391; Miller v Longacre, 26 Oh St 297; Betz v Betz, 23 O. C.C. (N.S.) 9.

The only question then involved here is: Can the case be brought in a county where the judgment is sought to be enforced by execution, when that is a county other than the one in which the judgment was rendered, by making the sheriff who is about to sell the property of the judgment debtor, a party defendant and joining with him, as party defendant the person for whose benefit the execution is issued?

Of course it must be conceded that the cases cited in defendants' brief as to suit instituted against defendants jointly, state the rules of law correctly under the facts involved in these cases. But §11264 GC provides for an exception to the general rule as applied in these cases and in my opinion as it now stands authorizes the bringing of this action and the joining of the sheriff as a party defendant with the person for whose benefit the execution was issued.

Therefore the motion will be overruled with exceptions to defendants.